UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE JOHNSON, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>TRUMPET BEHAVIORAL HEALTH, LLC, et al.,<br><br>   Defendants. | Case No. 3:21-cv-03221-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

The plaintiffs in this proposed class action filed suit for wage-and-hour and related violations. The complaint is conclusory and pleads only recitations or paraphrasing of the statutory requirements devoid of meaningful factual allegations. Accordingly, the defendants' motion to dismiss is granted with leave to amend.

## BACKGROUND

The defendants, Trumpet Behavioral Health, LLC, and Quality Behavioral Outcomes, LLC, are incorporated in Delaware. Complaint ("Compl.") [Dkt. No. 1-1] ¶ 6. They are also citizens of New York due to the principal place of business of their only member. *See* Notice of Removal ("Not.") [Dkt. No. 1] ¶ 6; *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 699 (9th Cir. 2006) (laying out standard for LLC citizenship for diversity purposes). The plaintiffs, Jasmine Johnson, Jade Khodar-Fisher, and Brittnie Boruff, are California residents who are alleged to be former employees of the defendants. *Id.* ¶¶ 5, 7, 11. They allege that they were all hourly-paid non-exempt employees. *Id.* ¶ 18. Johnson worked for the defendants in 2020, Fisher from 2018 to 2020, and Boruff from 2018 to 2019. *Id.*

The plaintiffs allege (often on information and belief) that the defendants engaged in several unlawful patterns or practices: (1) failing to pay at least minimum wages for all hours

worked, (2) causing missed meal periods, (3) causing missed rest breaks, (4) failing to provide accurate wages upon discharge, (5) failing to provide accurate wage statements, and (6) failing to keep accurate payroll records. *Id.* ¶¶ 23, 33–36. They also allege that they (and other putative class members) were entitled to reimbursement for necessary business-related expenses, but were not reimbursed. *Id.* ¶ 82. But, as explained more fully below, there is little more that can be said about the defendants' alleged actions because the plaintiffs do not elaborate.

The plaintiffs filed their Complaint in the Superior Court for the State of California, County of Alameda, on behalf of the named plaintiffs and a putative class of "[a]ll current and former hourly-paid or non-exempt employees of Defendants within the State of California at any time during the period from September 4, 2016 to final judgment." *Id.* ¶ 13. The Complaint includes seven causes of action. Six are under the California Labor Code for: (1) unpaid meal period premiums, (2) unpaid rest period premiums, (3) unpaid minimum wages, (4) final wages not timely paid, (5) non-compliant wage statements, and (6) unreimbursed business expenses. The seventh is for derivative violations of California's Unfair Competition Law ("UCL"). The defendants removed the case to this Court on April 30, 2021, under the Class Action Fairness Act, 28 U.S.C. §1332(d) and now move to dismiss all claims.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the

Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

The defendants argue that each count in the Complaint fails to state a claim because it is conclusorily pleaded. *See generally* Motion to Dismiss ("Mot.") [Dkt. No. 10]. The plaintiffs respond that the claims are adequately pleaded and that courts have approved what they themselves appear to admit are "skeletal" pleadings. *See* Opposition to the Mot. ("Oppo.") [Dkt. No. 17] 1. The defendants are correct: The Complaint alleges bare legal elements or paraphrasing of legal elements without factual allegations that would provide the defendants with adequate notice. Each of the claims fails for that reason.

**A. Minimum Wage Claim**

I begin where the parties do, with the unpaid minimum wage claim (claim three). *See* Mot. 3–4; Oppo. 3–5. State law provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation." CAL. LAB. CODE. § 1194(a); *see also id.* § 1197 (setting minimum wage).

All that the plaintiffs plead about this claim (often on information and belief) are vague, generic, and conclusory statements that the defendants failed to pay them and others the minimum

3

wage for hours worked. *See* Compl. ¶¶ 62–66. Although the plaintiffs incorporate the preceding paragraphs into this portion of the Complaint, those paragraphs likewise make bare allegations. One representative allegation is, "Plaintiffs are informed and believe, and based theron allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive at least minimum wages for compensation and that Plaintiffs and other class members were not receiving at least minimum wages for all hours worked." *Id.* ¶ 27. Consequently, neither the defendants nor I can fairly divine the basis for the alleged violations. Even plaintiffs could not save their Complaint by including that basis in their brief, that brief is likewise silent on even the fundamental facts surrounding these alleged violations.[1]

If, for instance, this minimum wage claim is based on alleged uncompensated *overtime* work (it is unclear because of the vague pleading), then the plaintiffs are required to include allegations that push it over the plausibility line. The Ninth Circuit has held that, in those circumstances, a plaintiff must allege she "worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015). Or, as another example, the plaintiffs' own leading case found that a claim was plausible because the plaintiff pleaded that the "Defendant 'discouraged' her and putative class members from clocking overtime," the defendant "failed to schedule a sufficient number of [patient service technicians] for their locations," and that the plaintiff and others "worked more than forty hours a week and that when employees regularly worked off-the-clock that should have been compensated at an overtime rate, they were required to not accurately record their time worked." *Varsam v. Lab'y Corp. of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015) (some internal quotation marks and citations omitted). Nothing resembling these allegations appears in this Complaint.

I have already explained why the plaintiffs' leading case is nothing like this one. The remainder of their argument also references equally inapplicable cases or attacks the straw that they are not required to plead a "particular instance" of unpaid wages. Oppo. 3. I agree they do

---

[1] The plaintiffs' brief lacks a section detailing the factual allegations, further illustrating that there are not, in any meaningful way, factual allegations in the Complaint as now pleaded.

4

not necessarily *need* to point to a *particular* instance, though "with the pleading of more specific facts, the closer the complaint moves toward plausibility." *Landers*, 771 F.3d at 645. But plaintiffs still need more than bare and conclusory allegations. For example, the plaintiffs might "establish a plausible claim by estimating the length of [their] average workweek during the applicable period and the average rate at which [they were] paid, the amount of overtime wages [they] believe[] [they are] owed, or any other facts that will permit the court to find plausibility." *Id.* The current threadbare allegations do not suffice.

### B. Meal and Rest Break Claims

The first claim for relief alleges that the defendants deprived the plaintiffs of meal breaks mandated by law. *See* Compl. ¶¶ 40–52. The second claim alleges that the defendants deprived the plaintiffs of rest periods guaranteed by law. *See id.* ¶¶ 53–61.

At first glance, these claims might appear to have more meat on the bone than the minimum wage claim because they allege things like, "Plaintiffs and other class members (but not all) who were scheduled to work for a period of time no longer than six (6) hours . . . were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes." *Id.* ¶ 45. But, on closer inspection, this and other similar allegations simply parrot the statutory requirements. *See* CAL. LAB. CODE § 512(a). It is analogous to alleging a tort claim by declaring a defendant "negligent" or a contract claim by declaring a defendant "in breach." It is conclusory and insufficient under the pleading standard.

The plaintiffs first respond that these qualify as "concrete factual assertions," Oppo. 5, but as explained above, they are just recitals or paraphrasing of legal requirements. Once again, too, the cases the plaintiffs rely on included factual allegations that their Complaint does not—and underscore the inadequacy of the plaintiffs' pleading. The closest case that the plaintiffs point to, and the case that took the most relaxed to the pleading standard, is *Finder v. Leprino Foods Co.*, 2016 WL 3774269 (E.D. Cal. Jan. 8, 2016). As that court explained, that complaint was "largely composed of legal standards which are insufficient to state a claim" and "provide[d] no solid facts." *Id.*, at *2. But, that court was able to "glean[]" one "nugget of fact" that was "just enough to explain the nature of the violation and to state a claim." *Id.* That allegation was that the

5

defendants allegedly failed "to schedule a second meal break for Plaintiff." *Id.* From that, the court found it could be "reasonably inferred . . . that Defendants set Plaintiff's work schedule, Plaintiff was obligated to work the entire time he was scheduled, and the schedule did not provide for a second meal break when he worked longer than ten hours." *Id.* Here, there is no similar allegation to that "nugget" that "just" got the plaintiffs over the line; what allegations there are just reformulations of the statutory criteria. (For clarity, I do not hold that allegations like those in *Finder* would be enough; I simply note that, even in the plaintiffs' purported best case, there was more than here.) The plaintiffs' other cases are even farther removed from this case and had more substantial, specific allegations. Oppo. 5–6.

The plaintiffs do not need to exhaustively detail every conceivable fact underlying their claims. They allege that the defendants had some unspecified "pattern or practice" of depriving employees of these breaks. To get to plausibility, they should describe what that pattern or practice was—not scheduling breaks, putting undue pressure on employees to not take them, or something else. It would likely be helpful, as well, if the named plaintiffs identified the circumstances under which these alleged denials happened to *them*. I cannot say what precisely would be required because there is so little to go off of now.

**C. Untimely Final Wages and Failure to Provide Wage Statements**

The fourth claim for relief alleges that the defendants had a pattern or practice of failing to pay departing employees, including the plaintiffs, wages within the timeframe specified by statute to do so. Compl. ¶¶ 67–72. The fifth claim alleges that the defendants provided inaccurate or incomplete wage statements. Compl. ¶¶ 73–79.

Both parties treat these claims as derivative of the three claims already discussed. Mot. 5 ("Plaintiffs tether their Fourth Cause of Action for untimely final wages to the alleged unpaid minimum wage claim and the meal and rest period claims previously asserted in the Complaint."); *id.* 7 ("Plaintiffs' claim for noncompliant wage statements is tied to the alleged violations asserted in their First, Second, and Third Causes of Action."); Oppo. 7. ("These claims are derivative of Plaintiffs' other causes of action."). Because the first three claims are inadequately pleaded, these claims are similarly deficient.

6

### D. Unreimbursed Business Expenses

The sixth claim alleges a violation of the Labor Code provision that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." CAL. LAB. CODE § 2802(a); *see* Compl. ¶¶ 80–82. This claim contains a bare allegation that the defendants failed to reimburse employees for business expenses. *See* Compl. ¶ 82. This does not give notice of what types of reimbursements were allegedly not paid or under what circumstances. The plaintiffs rely entirely on *Taylor v. W. Marine Prod., Inc.*, No. C 13-04916 WHA, 2014 WL 1779279 (N.D. Cal. May 3, 2014), but that case also underscores the inadequacy of their pleading. There, the Complaint survived based on concrete allegations such as, "plaintiffs, in their capacity as hourly-paid assistant managers, would make end-of-day bank runs to banks located more than a mile from the West Marine facilities at which they were employed," a distance that "required plaintiffs either to use a personal automobile or to take the bus in order to travel to the banks," and the defendants allegedly knew of this but never reimbursed them. *Taylor*, 2014 WL 1779279, at *5–*6. This Complaint contains nothing similar.

### E. UCL Claim

The seventh claim for relief alleges derivative violations of the UCL. Compl. ¶¶ 83–89. Both parties agree that the UCL claim, by its nature, is predicated on the other alleged violations. Mot. 9–10; Oppo. 8. Because the underlying violations are inadequate, this UCL claim likewise fails to meet the pleading standard.

## CONCLUSION

The motion to dismiss is GRANTED with leave to amend. Any amended complaint shall be filed within 20 days.

**IT IS SO ORDERED.**

Dated: June 22, 2021



William H. Orrick
United States District Judge