JUSTICE LAW CORPORATION
Douglas Han (SBN 232858)
dhan@justicelawcorp.com
Shunt Tatavos-Gharajeh (SBN 272164)
statavos@justicelawcorp.com
Jason Rothman (SBN 304961)
jrothman@justicelawcorp.com
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

Attorneys for Plaintiffs Jasmine Johnson,
Jade Khodar-Fisher, and Brittnie Boruff,
on behalf of themselves and all similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE JOHNSON, JADE KHODAR-FISHER and BRITTNIE BORUFF, individually, and on behalf of other members of the general public similarly situated;<br><br>        Plaintiffs,<br><br>      v.<br><br>TRUMPET BEHAVIORAL HEALTH, LLC, a Delaware limited liability company; QUALITY BEHAVIORAL OUTCOMES, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive;<br><br>        Defendants. | Case No.: 3:21-cv-03221-WHO<br><br>CLASS ACTION<br><br>Assigned for All Purposes To:<br>Honorable William H. Orrick<br>Courtroom 2<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3. Meal Period Liability Under Labor Code § 226.7;<br>4. Rest-Break Liability Under Labor Code § 226.7;<br>5. Violation of Labor Code §§ 226(a);<br>6. Violation of Labor Code § 203;<br>7. Failure to Reimburse Expenses § 2802; and<br>8. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:    March 1, 2021<br>Case Removed:    April 30, 2021<br>Trial Date:       None Set |

Plaintiffs Jasmine Johnson, Jade Khodar-Fisher, and Brittnie Boruff, (hereinafter collectively "Plaintiffs"), on behalf of themselves and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

## INTRODUCTION

1.     Plaintiffs brings this action on behalf of themselves and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendants TRUMPET BEHAVIORAL HEALTH, LLC, a Delaware limited liability company; QUALITY BEHAVIORAL OUTCOMES, LLC, a Delaware limited liability company, and DOES 1 through 100 (all defendants being collectively referred to herein as "Defendants"). Plaintiffs allege that Defendants, and each of them, violated various provisions of the California <u>Labor Code</u>, relevant orders of the Industrial Welfare Commission (IWC), and California <u>Business & Professions Code</u>, and seeks redress for these violations.

2.     Upon information and belief, the same violations Plaintiffs endured at Defendants' multiple California locations were also experienced by all non-exempt hourly employees working for Defendants throughout California. Plaintiffs were employed by Defendants and (1) shared similar job duties and responsibilities, (2) were subjected to the same policies and practices, and (3) endured similar violations at the hands of Defendants as the other Class Members who served in similar and related positions throughout California.

## THE PARTIES

**A.     The Plaintiff**

3.     Plaintiff Jasmine Johnson has resided in Alameda County, and during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California based out of Defendants' location in San Jose, California. Upon information and belief, Plaintiff Jasmine Johnson was employed by Defendants from approximately January 2020 through October of 2020.

/ / /

/ / /

4.     Plaintiff Jade Khodar-Fisher has resided in Solano County, and during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California based out of Defendants' location in Solano, California. Upon information and belief, Plaintiff Jade Khodar-Fisher was employed by Defendants from approximately March of 2018 through January of 2019.

5.     Plaintiff Brittnie Boruff has resided in Alameda County, and during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California based out of Defendants' location in Alameda, California. Upon information and belief, Plaintiff Brittnie Boruff was employed by Defendants from approximately January 2019 through July of 2019.

**B.     The Defendants**

6.     Defendant TRUMPET BEHAVIORAL HEALTH, LLC ("TRUMPET"), is a Delaware limited liability company, and lists its principal offices in Lakewood, Colorado. TRUMPET has been the employer listed on the wage statements and employment records issued to Plaintiffs during the relevant time period that Plaintiffs were employed with Defendants.

7.     Defendant QUALITY BEHAVIORAL OUTCOMES, LLC ("QUALITY"), is a Delaware limited liability company, and lists its principal offices in Lakewood, Colorado. QUALITY has been the employer listed on the wage statements and employment records issued to Plaintiffs during the relevant time period that Plaintiffs were employed with Defendants.

8.     The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believe and thereon alleges that Defendants designated herein as Does 1 through 100, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 100 when their identities become known.

9.      Plaintiffs are informed and believe and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, issued policies governing their employment, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

10.     Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally.

11.     Whenever and wherever reference is made to individuals who are not named as a Defendant in this Complaint but were agents, servants, employees and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope of their employment.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred at least in part in Alameda County. Defendants maintain and operate company facilities in Alameda county and employs Plaintiffs and Class Members throughout California.

/ / /

/ / /

/ / /

13.     The Employees who comprise the Class, including Plaintiffs, are non-exempt employees pursuant to the applicable Wage Order(s) of the IWC. Defendants hire hourly employees who work in non-exempt positions at the direction of Defendants in the State of California. Plaintiffs and Class Members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Plaintiffs contend that Defendants failed to pay Plaintiffs and Class Members all wages due and owing to their detriment.

14.     As discussed in detail below, Defendants' employment practices resulted in (i) Class Members performing off-the-clock pre-shift and post-shift work without compensation (ii) rounding down of hours worked to either a quarter of an hour or to Class Members shift schedules (iii) the under-recording of all hours worked, resulting in failure to pay overtime wages, (iv) failure to furnish accurate wage statements, (v) failure to provide timely, uninterrupted meal periods and rest breaks; (vi) failure to reimburse all necessary business expenditures, and (vii) failure to timely pay Class Members upon separation. Defendants' conduct thus violated various provisions of the California Labor Code and applicable Wage Orders.

15.     The work performed by Plaintiffs and the other Class Members was that of a non-exempt employee. More specifically, Plaintiffs worked as Behavior Therapists. Part of the time Plaintiffs would work with Defendants' clients within Defendants' facilities and on other instances they would provide behavioral therapy while at the client's home. While the Plaintiffs worked different hours and days from each other, Monday through Friday, they each worked with children and assisted with the behavioral health of those children. For example, upon information and belief, (i) Plaintiff Jade Khodar-Fisher[1] typically worked Monday through Friday, 8:00 a.m. to 7:00 p.m., (ii) Plaintiff Brittnie Boruff[2] typically worked Monday through Friday, and while she worked an average of twenty (20) through twenty (25) hours per week, her daily scheduled per week fluctuated as she did not have a set schedule, and (iii) Jasmine Johnson also typically worked

---

[1] According to the time sheets within Plaintiffs counsel's possession, Plaintiff Jade Khodar earned between $18.00-$18.36 per hour.
[2] According to the time sheets within Plaintiffs counsel's possession, Plaintiff Boruff earned $18.00 per hour.

Monday through Friday, and similarly to Plaintiff Boruff[3] her daily scheduled per week fluctuated as she did not have a set schedule. Moreover, while each Plaintiffs schedules may have differed, they each suffered the same wage and hour violations as detailed below.

16. Upon information and belief, Defendants did not implement a manual or electronic time keeping system and/or software for Plaintiffs and Class Members. Plaintiffs instead recorded their hours worked through an application that only recorded their work sessions.[4] Plaintiffs', and upon information and belief the Class Members, did not have an independent way to record hours worked. This translated into Class Members being unable to record any work-related activities that they engaged in, while under Defendants' control and authority, before and/or after their session started. Thus, Defendants failed to pay Plaintiffs and Class Members all wages due and owing for pre-shift and post-shift hours worked while under Defendants' control.

17. Pre-shift and post shift hours worked occurred in many different ways, all to Plaintiffs' detriment. Regarding Plaintiffs inability to independently clock in/out separate from their session, Plaintiffs would incur off the clock pre-shift hours in having to walk over to said application/tablet instead of being afforded the ability to clock in and start their shift upon immediately entering Defendants premises and/or Defendants' client's homes. Secondly, to their detriment, Plaintiffs also communicated with other behavorial therapists and Defendants' client's parents while off the clock because they were instructed to clock in and out according to their session schedules. In instances when Plaintiffs remained logged into their session beyond their scheduled session times, in order for example to apprise a child's parents of the days activities, they would get reprimanded by their supervisors. On average Plaintiffs estimate that they occurred about five (5) minutes of off the clock activities per day due, in part, to not having an independent method of clocking in and out separate from their session schedule.

18. Plaintiffs also incurred pre-shift and post-shift off the clock work, to their detriment, in the form of driving. More specifically Plaintiffs were not paid for the time spent when driving between Defendants' facilities and/or Defendants client's homes. Once one session

---

[3] According to the time sheets within Plaintiffs counsel's possession, Plaintiff Johnson earned $18.00 per hour.
[4] By "sessions" Plaintiffs are referring to when they started/ended their session with their client.

ended Plaintiffs would often have to drive to the next session. This time was not only unrecorded (as they did not have an independent way to clock in separate from their session schedule) but Plaintiffs were also not reimbursed for this mileage on a regular basis. Plaintiffs conservatively estimate that in instances when they had to drive between location's they incurred a conservative thirty (30) minutes of off the clock time, to their detriment.

19. This was an intentional and calculated practice of Defendants to avoid paying Class Members all duly owed wages. Thus, Class Members worked longer hours than recorded by Defendants. This above-mentioned off-the-clock work also resulted in overtime hours accruing earlier than when Defendants started paying them in a work shift. Plaintiffs further contend that Defendants' policy and practice of only allowing Class Members to record their sessions instead of all hours worked results, over time, to the detriment of Class Members by systematically under-compensating them. When coupled with Plaintiffs and Class Members working longer post-shift hours off the clock and without compensation, this resulted in substantial regular and overtime hours worked under the control and authority of Defendants during each work shift that remain unpaid.

20. Defendants' unlawful conduct was driven, upon information and belief, by the decision to pay Class Members based on their scheduled shift times rather than the hours they actually worked. This uniformly applied policy of requiring off-the-clock work in conjunction with timekeeping records that reflected shift schedules rather than actual hours worked, operated as an unlawful rounding policy because it was not neutral and resulted, over time, to the substantial detriment of Class Members by systematically under-compensating them. This meant that Plaintiffs were regularly performing pre-shift and post-shift work related functions for Defendants, all off the clock and uncompensated for, to their detriment.

21. To the extent that Defendants paid overtime to Plaintiffs and Class Members, it began doing so well after eight (8) hours into a work shift day and/or forty (40) hours a week, as Defendants' corresponding time records and paystubs show. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wages,

overtime wages, and double time wages for all time worked as required by California Law and in violation of the <u>Labor Code</u> § 1197, IWC Wage Order MW-2014, and paragraphs 2(K), 2(S), and 4(A)-4(C) of the applicable IWC Wage Orders. Defendants' willful actions resulted in the systematic underpayment of wages to Class Members, including underpayment of overtime and double time pay to Class Members over a period of time.

22.     To the extent Defendants paid double time to Plaintiffs and Class Members, it did so at a rate less than double their standard hourly rate of pay, Therefore Plaintiffs and Class Members were underpaid double time for hours worked.

23.     As a result of Defendants' unlawful policies and practices, Plaintiffs and Class Members incurred overtime hours worked for which they were not adequately and completely compensated for, in addition to the hours they were required to work off-the-clock. To the extent applicable, Defendants also failed to pay Plaintiffs and Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of two (2) times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the <u>Labor Code</u> and applicable IWC Wage Orders.

24.     Additionally, Defendants failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the Plaintiffs and the other Class Members, including as required by Labor Code §§ 226.7 and 512, and paragraphs 11 and 12 of the applicable IWC Wage Orders.

25.     Defendants' policy of rounding the time keeping entries also resulted in under-reporting hours worked in a manner that would impact when Class Members were to receive off-duty meal and rest periods, resulting in meal and rest periods that were either provided late, were impermissibly shortened, or were interrupted by work demands. This often resulted in meal and rest breaks being taken generally later than required by law.

26.     Defendants did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods. Due to Defendants rounding policy, the inability to independently control clocking in/out, and requiring Plaintiffs and Class Members to drive

between locations, Plaintiffs and Class Members were required to perform work as ordered by Defendants for more than five (5) hours during a shift, but were often required to do so without receiving a lawful and timely meal break, and were sometimes required to take shortened meal breaks in order to keep up with the demands and pressures from Defendants. To the extent Defendants provided Class Members timely meal breaks, they were not properly recorded. More specifically, Plaintiffs were unable to leave Defendants' clients unattended during a session, regardless of the sessions duration. This meant that there was no ability to take a proper off-duty and timely meal break. Furthermore, Defendants often required Plaintiffs to take unlawful meal breaks while driving between destinations, leaving Plaintiffs and Class Members having to eat while driving in order to arrive at their next destination on time and before their session started.

27. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, meal period violations thus occurred in one or more of the following manners:

a. Class Members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, <u>Labor Code</u> §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

b. Class Members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

c. Class Members were required to work through at least part of their daily meal period(s);

d. Class Members were not provided with "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period that Defendants failed to provide or deficiently provided.

e. Meal periods were not recorded;

f. Meal periods were provided after five hours of continuous work during a shift;

g. Class Members were restricted in their ability to take a full duty free thirty-minute meal period; and

h.  Class Members were unable to leave the premises during their meal periods.

28.  Plaintiffs and Class Members were also regularly required by Defendants to work through or during their rest breaks and were not provided with one hour's wages in lieu thereof. Moreover, on instances when rest breaks were provided, they were provided alongside meal breaks instead of separately. More specifically, as Plaintiffs were unable to leave Defendants clients unattended during shift/session schedules, Plaintiffs were unable to take a break to even go to the bathroom.

29.  Rest period violations therefore arose in one or more of the following manners:

i.  Class Members were required to work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

j.  Class Members, due to the busy work environment, were restricted in their ability to take timely off-duty rest breaks which in turn were often provided at the end of a shift instead of every four (4) hours worked, or major fraction thereof; and

30.  Defendants also consistently failed to issue accurate itemized wage statements as required by <u>Labor Code</u> § 226(a). The wage statements are required to show the total hours worked by Class Members, amongst other items detailed below, which they do not. The absence of showing total hours worked, combined with Defendants' practice of paying all double time hours worked by Class Members at a rate under double their standard hourly rate lead to confusion about how many hours were actually worked and at which rates per pay period.

31.  From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have also had a consistent policy of failing to pay all wages owed to Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

/ / /

/ / /

32.     Defendants' management also did not reimburse Plaintiffs and Class Members for all necessarily incurred expenses in performance of their job duties. Plaintiffs incurred personal cellular phone expenses and mileage from driving between Defendants clients locations, in the performance of their job duties, that were uncompensated for. For example, Plaintiffs allege that they and Class Members had to use their cell phones to speak to their supervisors and/or other therapists. In regards to non-reimbursed mileage, Plaintiffs were not regularly reimbursed mileage when they had to drive between Defendants locations and/or clients homes.

33.     In light of the foregoing, Plaintiffs bring this action on behalf of themselves and on behalf of all similarly situated Employees, pursuant to, *inter alia*, <u>Labor Code</u> §§ 201, 202, 203, 204, 218.6, 226, 226.7, 510, 512, 558, 1185, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11000 *et seq*.

34.     Furthermore, pursuant to <u>Business and Professions Code</u> §§ 17200-17208, Plaintiffs and their fellow Class Members seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of <u>Labor Code</u> and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

## CLASS ALLEGATIONS

35.     Plaintiffs brings this class action on behalf of themselves and all others similarly situated pursuant to <u>Code of Civil Procedure</u> § 382. Plaintiffs seeks to represent a Class (or "the Class" or "Class Members") defined as follows: "All current and former hourly-paid or non-exempt employees of Defendants within the State of California, at any time during the period of four (4) years prior to the filing of the lawsuit and ending on a date to be determined by the court." ("Class Period")

36.     Further, Plaintiffs seek to represent the following Subclasses composed of and defined as follows:

k.     <u>Subclass 1.     Minimum Wages Subclass</u>.     All Class Members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

l.     <u>Subclass 2.   Wages and Overtime Subclass</u>.   All Class Members who were not

1 compensated for all hours worked for Defendants at the required rates of pay,
2 including for all hours worked in excess of eight in a day and/or forty in a
3 week.

4 m. <u>Subclass 3.  Meal Period Subclass</u>.  All Class Members who were subject to
5 Defendants' policy and/or practice of failing to provide unpaid 30-minute
6 uninterrupted and duty-free meal periods or one hour of pay at the Employee's
7 regular rate of pay in lieu thereof.

8 n. <u>Subclass 4.  Rest Break Subclass</u>.  All Class Members who were subject to
9 Defendants' policy and/or practice of failing to authorize and permit Employees
10 to take uninterrupted, duty-free, 10-minute rest periods for every four (4) hours
11 worked, or major fraction thereof, and failing to pay one hour of pay at the
12 Employee's regular rate of pay in lieu thereof.

13 o. <u>Subclass 5.  Wage Statement Subclass</u>. All Class Members who, within the
14 applicable limitations period, were not provided with accurate itemized wage
15 statements.

16 p. <u>Subclass 6.  Unauthorized Deductions from Wages Subclass</u>. All Class
17 Members who were subject to Defendants' policy and/or practice of
18 automatically deducting 30-minutes worth of wages from Employees for
19 alleged meal periods they were denied and/or by understating the hours worked
20 by Employees.

21 q. <u>Subclass 7.  Termination Pay Subclass</u>. All Class Members who, within the
22 applicable limitations period, either voluntarily or involuntarily separated from
23 their employment and were subject to Defendants' policy and/or practice of
24 failing to timely pay wages upon termination.

25 r. <u>Subclass 8.  Expense Reimbursement Subclass</u>. All Class Members who
26 incurred necessary and reasonable expenses in connection with performing their
27 job duties for Defendants and who were subject to a policy and/or practice
28 under which such expenses were not reimbursed.

FIRST AMENDED CLASS ACTION COMPLAINT

s. <u>Subclass 9. UCL Subclass</u>. All Class Members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

37. Plaintiffs reserve the right under <u>California Rule of Court</u> 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

38. Defendants, as a matter of company policy, practice and procedure, and in violation of the applicable <u>Labor Code</u>, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby Defendants failed to correctly calculate compensation for the time worked by Plaintiffs and the other members of the Class, even though Defendants enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. Defendants have uniformly denied these Class Members wages to which they are and were entitled, and failed to provide meal periods or authorize and permit rest periods, in order to unfairly cheat the competition and unlawfully profit.

39. This action has been brought and may properly be maintained as a class action under the provisions of <u>Code of Civil Procedure</u> § 382 because there is a well-defined community of interest in litigation and proposed Class is easily ascertainable.

**A. Numerosity**

40. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believes that Defendants employ or, during the time period relevant to this lawsuit, employed hundreds of Employees who satisfy the Class definition within the State of California.

41. Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiffs allege that Defendants' employment records will provide information as to the number and location of all Class Members.

**B.    Commonality**

42.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. The common questions are numerous and substantial and stem from Defendants' uniform policies and/or practices of violating the California Labor Code addressed above. As such, these common questions predominate over individual questions concerning each individual Class Member's showing as to his or her eligibility for recovery or as to the amount of damages. These common questions of law and fact include:

a.    Whether Defendants failed to pay Employees minimum wages;

b.    Whether Defendants failed to pay Employees wages for all hours worked;

c.    Whether Defendants failed to pay Employees overtime based on proper calculation of the regular rate of pay;

d.    Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

e.    Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

f.    Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to authorize and permit Employees to take requisite rest breaks or provide premium pay in lieu thereof;

g.    Whether Defendants violated Labor Code § 226(a) by providing Employees with inaccurate wage statements;

h.    Whether Defendants violated Labor Code § 204 by failing to timely pay wages;

i.    Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

j.    Whether Defendants' conduct was willful;

k.    Whether Defendants violated Labor Code § 2802 by failing to reimburse necessary business related expenses;

l. Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

m. Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*; and

n. Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

**C.    Typicality**

43.    The claims of the named Plaintiffs are typical of those of the other Employees. The Class Members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D.    Adequacy of Representation**

44.    Plaintiffs will fairly and adequately represent and protect the interest of the Employees. Counsel who represents the Employees are experienced and competent in litigating employment class actions.

**E.    Superiority of Class Action**

45.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to properly compensate Employees.

46.    As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class Members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class Members. Further, as the economic or other loss suffered by vast numbers of Class Members may be relatively small, the expense and burden of individual actions makes it difficult for Class Members to individually redress the wrongs they have suffered. Moreover, in the event

disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

47.     Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties in managing this case that should preclude class treatment. Plaintiffs contemplate the eventual issuance of notice to the proposed Class Members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

48.     Defendants, as a prospective and actual employer of the Employees, had a special fiduciary duty to disclose to prospective Class Members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Class Members as a whole.

49.     Plaintiffs and the Class Members did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiffs and Class Members discovered their claims.

/ / /

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (Against All Defendants)

50.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

51.     Defendants failed to pay Class Members minimum wages for all hours worked and provided them with inaccurate wage statements that prevented Plaintiffs and Class Members from learning of these unlawful pay practices.

52.     Employees worked hours and did not receive wages, including as alleged above in connection with off-the-clock work and rounding. Defendants, and each of them, have required Class Members to submit manually rounded time records that reflect shift schedules instead of actual time worked, which resulted in off-the-clock work and underpayment of all wages owed to employees over a period of time, while benefiting Defendants. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiffs and the other members of the Class as to minimum wage pay.

53.     In California, employees must be paid at least the then applicable state minimum wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

54.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

55.     The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

56.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at least at the statutory or agreed upon rate, and no part of this rate may be used as a credit against a minimum wage obligation.

57.     In committing these violations of the California Labor Code, Defendants inaccurately recorded or incorrectly calculated the time worked, and consequently underpaid the actual time worked by Plaintiffs and other members of the Class. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendants also failed to timely pay all wages earned in accordance with California Labor Code § 1194.

58.     California Labor Code § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

59.     In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Plaintiffs and Class Members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

60.     Pursuant to California Labor Code § 1194.2, Plaintiffs and Class Members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

/ / /

/ / /

61.     Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

62.     Wherefore, Plaintiffs and Class Members are entitled to recover the unpaid minimum wages, liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). Plaintiffs and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to Class Members who have terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code § 203, which penalties are sought herein on behalf of these Class Members. Defendants' failure to timely pay all wages owed also violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as alleged herein was willful, intentional and not in good faith. Further, Plaintiffs and other Class Members are entitled to seek and recover statutory costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE §§ 510, 1194

**(Against All Defendants)**

63.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

64.     California Labor Code §§ 1194 and 1198 provides that employees in California shall not be employed more than eight (8) hours in any work day, and/or more than forty (40) hours in any workweek, or work a seventh (7th) day in a work week unless they receive additional compensation beyond their regular wages in amounts specified by law.

65.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

66.     By their conduct, as set forth herein, Defendants violated California <u>Labor Code</u> § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of rounding time records, not paying Employees wages for all hours worked, under-reporting actual hours worked, and not paying proper overtime and double rates, as detailed above.

67.     Defendants, and each of them, have intentionally and improperly required Plaintiffs and Class Members to accept changed, rounded, adjusted and/or modified hours worked, or otherwise caused them to work off the clock to avoid paying Plaintiffs and Class Members all earned and owed straight time and overtime wages and other benefits, in violation of the California <u>Labor Code</u>, the California <u>Code of Regulations</u> and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Plaintiffs and other similarly situated non-exempt Employees to work through meal periods when they were required to be clocked out. Therefore, Employees were not properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours in a given week. Based on information and belief, Defendants did not make available to Employees a reasonable protocol for correcting time records when Employees worked overtime hours or to fix incorrect time entries that were under recorded by Defendants, to the Employee's detriment. Defendants have also violated these provisions by requiring Plaintiffs and other similarly situated Employees in the Class to work through meal periods when they were required to be clocked out or to otherwise work off the

clock to complete their daily job duties.

68.     Defendants' failure to pay Plaintiffs and Class Members the unpaid balance of regular wages owed and overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

69.     Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiffs and Class Members seek the remedies set forth in Labor Code § 558.

70.     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

71.     Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

72.     Consequently, pursuant to California Labor Code, including Labor Code §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with

FIRST AMENDED CLASS ACTION COMPLAINT

interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the <u>Labor Code</u> and/or other statutes.

73.     Further, Plaintiffs and Class Members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §§ 210 and 1194.

**THIRD CAUSE OF ACTION**

**MEAL BREAK LIABILITY UNDER LABOR CODE §§ 226.7, 512**

**(Against All Defendants)**

74.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

75.     Employees regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to <u>Labor Code</u> § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

76.     Defendants failed to provide Employees with meal periods as required under the <u>Labor Code</u>. Employees received short meal periods, were regularly required to work during their meal periods, as discussed above, or were provided with them after working beyond the fifth hour of their shifts, if Defendant provided them at all. Furthermore, upon information and belief, on the occasions when Employees worked more than ten (10) hours in a given shift, they did so without receiving a second uninterrupted, timely and duty-free thirty (30) minute meal period, as required by law.

77.     Defendants policy of rounding and placing the current demands of the job over Plaintiffs and Class Members' lawful meal breaks, resulted in meal breaks that were taken late, shortened due to work demands, or not taken at all. As a result, Defendants' failure to provide Plaintiffs and Class Members with all their legally required off-duty, unpaid meal periods is and will be evidenced by Defendants' business records, or lack thereof.

FIRST AMENDED CLASS ACTION COMPLAINT

78. Upon information and belief, on the occasions when Class Members worked more than ten (10) hours in a shift, Defendants also failed to provide them with a second, uninterrupted, timely and duty-free meal period as will be evidenced by Defendants' business records, or lack thereof.

79. Defendants thus failed to provide Plaintiffs and Class Members with meal periods as required by the Labor Code, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks.

80. Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraph 11 of the applicable IWC Wage Orders, which provides that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. To the extent Defendants did make any such payments to Plaintiffs and Class Members, they failed to do so for the vast majority of the violations. Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7.

81. Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and other statutes.

**FOURTH CAUSE OF ACTION**

**REST BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

82. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

///

FIRST AMENDED CLASS ACTION COMPLAINT

83.     Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours, or major fraction thereof.

84.     Employees consistently worked consecutive shifts of at least eight (8) hours and were generally required to work shifts of greater than eight (8) hours total. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour or longer shift. Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hours of work, or major fraction thereof, if rest breaks were provided at all. Furthermore, upon information and belief, on the occasions when Employees worked more than ten (10) hours in a given shift, they did so without receiving a third uninterrupted ten (10) minute rest break, as required by law.

85.     Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

86.     Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiffs and Class Members in violation of Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders.

87.     Defendants failed to authorize and permit Plaintiffs and Class Members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7.

88.     Therefore, pursuant to Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each

of them, in a sum as provided by the <u>Labor Code</u> and/or other statutes.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

89.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

90.     California <u>Labor Code</u> § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

91.     Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the <u>Labor Code</u>. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime due do to Defendants systematic rounding policy and/or altering time keeping entries, and premium pay for deficient meal periods and rest breaks, and automatically deducted wages for alleged meal periods and under recording and/or altering timekeeping entries to the detriment of Class Members, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove.

92.     Throughout the liability period, Defendants intentionally failed to furnish to Plaintiffs and Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and

the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory requirements. Defendants knowingly and intentionally failed to provide Plaintiffs and Class Members with such timely and accurate wage and hour statements.

93.     Plaintiffs and Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and be entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide wage statements with accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiffs and Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

94.     Therefore, as a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

95.     Pursuant to Labor Code §§ 226(a) and 226(e), Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

96.    Labor Code § 226.3 further provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." To the extent that Labor Code § 226.3 applies, Plaintiffs also seek such penalties on behalf of themselves and the other Class Members.

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 203

### (Against All Defendants)

97.    Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

98.    Numerous Employees, including Plaintiffs, are no longer employed by Defendants; they either quit Defendants' employ or were fired there from.

99.    Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

100.    The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

101.    Defendants failed to pay Plaintiffs and Class Members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by failing to pay for all hours worked or requiring off-the-clock work or by unlawful under recording and/or altering of time entries to the detriment of Employees, and Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

/ / /

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT

102. Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under <u>Labor Code</u> § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

## SEVENTH CAUSE OF ACTION

**FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES, LABOR CODE § 2802**

**(Against All Defendants)**

103. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

104. Plaintiffs and Class Members are informed and believe and based thereon allege that throughout the period applicable, Defendants compelled Plaintiffs and Class Members to pay out-of-pocket for necessary work related expenses they incurred in the form of personal cellular phone usage and mileage, a requirement for employment with Defendants.

105. Plaintiffs and Class Members were not reimbursed for these lawful and necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to <u>Labor Code</u> § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

106. Therefore, Plaintiffs and Class Members are entitled to reimbursement for any and all necessary work-related expenses, as provided for in <u>Labor Code</u> § 2802(b), incurred during the direct discharge of their duties while employed by Defendants, as well as accrued interest on those expenses that were not reimbursed from the date Plaintiffs and Class Members incurred those expenses.

107. Further, Plaintiffs and Class Members are entitled to costs and attorney's fees pursuant to <u>Labor Code</u> § 2802(c).

/ / /

/ / /

/ / /

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

108.    Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

109.    Plaintiffs, on behalf of themselves, the Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

110.    Plaintiffs are a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

111.    Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiffs and Class Members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

112.    Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding

employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

113.    Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the <u>Labor Code</u>, and have engaged in other unlawful and unfair business practices in violation of <u>Business & Professions Code</u> § 17200 *et seq*.; which conduct has deprived Plaintiffs, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

114.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the <u>Business & Professions Code</u> § 17200 *et seq*.

115.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the <u>Business & Professions Code</u> § 17200 *et seq*.

116.    By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California <u>Labor Code</u> including Sections 201, 202, 203, 204, 218.6, 221, 226, 226.7, 510, 512, 558, 1185, 1194, 1194.2, 1197, and 2802 for which this Court should issue declaratory and other equitable relief pursuant to California <u>Business & Professions Code</u> § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

117.    As a proximate result of the above-mentioned acts of Defendants, Class Members have been damaged, in a sum to be proven at trial.

118.    Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the <u>Business & Professions Code</u>, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or

deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

<b><u>RELIEF REQUESTED</u></b>

WHEREFORE, Plaintiffs pray for the following relief:

1.  For an order certifying this action as a class action;

2.  For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.  For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.  For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5.  For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6.  For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7.  For penalties pursuant to <u>Labor Code</u> § 226(e) for Class Members, as may be proven;

8.  For penalties pursuant to <u>Labor Code</u> § 203 for all Class Members who quit or were fired in an amount equal to their daily wages times thirty (30) days, as may be proven;

9.  For restitution for unfair competition pursuant to <u>Business & Professions Code</u> § 17200 *et seq.*, including disgorgement or profits, as may be proven;

FIRST AMENDED CLASS ACTION COMPLAINT

10. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

11. For damages and restitution for failure to reimburse all reasonable and necessary business expenses incurred by Employees as required by Labor Code § 2802, as may be proven;

12. For all general, special, and incidental damages as may be proven;

13. For an award of pre-judgment and post-judgment interest;

14. For an award providing for the payment of the costs of this suit;

15. For an award of attorneys' fees; and

16. For such other and further relief as this Court may deem proper and just.

DATED: July 12, 2021                           JUSTICE LAW CORPORATION

By: /s/ Jason Rothman
Douglas Han
Shunt Tatavos-Gharajeh
Jason Rothman
Attorneys for Plaintiffs Jasmine
Johnson, Jade Khodar-Fisher, and
Brittnie Boruff, on behalf of themselves
and all similarly situated

FIRST AMENDED CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial of their claims by jury to the extent authorized by law.

DATED: July 12, 2021      JUSTICE LAW CORPORATION


By: /s/ Jason Rothman
  Douglas Han
  Shunt Tatavos-Gharajeh
  Jason Rothman
  Attorneys for Plaintiffs Jasmine
  Johnson, Jade Khodar-Fisher, and
  Brittnie Boruff, on behalf of themselves
  and all similarly situated

FIRST AMENDED CLASS ACTION COMPLAINT