UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE JOHNSON, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>TRUMPET BEHAVIORAL HEALTH, LLC, et al.,<br><br>            Defendants. | Case No. 3:21-cv-03221-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 41 |

The plaintiffs in this putative wage-and-hour class action seek, among other remedies, equitable restitution under California's Unfair Competition Law ("UCL"). I previously dismissed the claim with leave to amend for failure to plead a lack of adequate remedies at law, as required by *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). The amended complaint still does not plead that the plaintiffs lack adequate remedies at law, again requiring dismissal. But that dismissal is without prejudice to the plaintiffs' ability to seek leave to amend if they later learn that they do lack adequate remedies at law.

**BACKGROUND**

Plaintiffs Jasmine Johnson, Jade Khodar-Fisher, and Brittnie Boruff—who worked for the defendants as physical therapists—allege that the defendants committed a series of labor law violations, including requiring them to perform pre- and post-shift work without pay, rounding down the hours they worked, failing to provide meal and rest breaks, failing to reimburse them for business expenses, and other actions. *See* Second Amended Complaint ("SAC") [Dkt. No. 31] ¶¶ 14–26. I previously granted two motions to dismiss with leave to amend. In the first order, I explained that the original complaint was "conclusory and pleads only recitations or paraphrasing of the statutory requirements devoid of meaningful factual allegations." Dkt. No. 21 at 1. In the

1  second order, I denied the motion to dismiss one of the two challenged claims.  Dkt. No. 30 at 3–
2  5.  But I dismissed the plaintiffs' eighth cause of action, which alleged a violation of the UCL.  *Id.*
3  at 5–6.  I explained that the plaintiffs were required to, but did not, plead that they lacked adequate
4  remedies at law and that they had not shown they possessed standing to pursue injunctive relief.
5  *Id.*  The plaintiffs filed the SAC on September 27, 2021, and the defendants now move to dismiss
6  only the UCL claim.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous

1  amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See*
2  *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

The defendants argue that, because the plaintiffs' UCL claim seeks only equitable remedies, the plaintiffs must plead that they lack adequate remedies at law under *Sonner*. According to the defendants, the plaintiffs must not only plead that they lack remedies, they must plead facts demonstrating that to be true. The plaintiffs respond that making this determination would be premature at this early stage. They claim that it is sufficient to plead, as they do, that they seek equitable remedies to the extent their remedies at law are ultimately inadequate. And the defendants reply that this type of conditional pleading is insufficient.

In *Sonner*, the Ninth Circuit held that "a federal court must apply traditional equitable principles before awarding restitution under the UCL." 971 F.3d at 841. State law may not, the court explained, expand or contract the bounds of federal equitable powers. *See id.* at 841–44. One "basic doctrine of equity jurisprudence [is] that courts of equity should not act when the moving party has an adequate remedy at law." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (internal quotation marks, alteration, and citations omitted). Accordingly, *Sonner* held that a federal plaintiff must "establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner*, 971 F.3d at 844.

The court went on to apply that principle to the facts there. In the district court, the plaintiff had sought (among other things) damages under California's Consumers Legal Remedies Act ("CLRA") and equitable restitution under the UCL. *Id.* at 838. Two months before trial, the plaintiff sought and obtained leave to amend the complaint to drop the CLRA claim so that the UCL equitable restitution claim could be decided by the judge, rather than the damages claim being decided by the jury. *Id.* The district court then held that the plaintiff could not secure equitable restitution because her legal remedy, CLRA damages, was available. *Id.* Applying federal equitable principles, the Ninth Circuit agreed that the plaintiff failed to show that she lacked an adequate remedy at law. *Id.* at 845. It explained that "[i]nitially, the operative complaint does not allege that Sonner lacks an adequate legal remedy." *Id.* It cited a Supreme

3

Court case, *O'Shea v. Littleton*, 414 U.S. 488 (1974), which it characterized as "holding that a complaint seeking equitable relief failed because it did not plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law.'" *Id.* (quoting *O'Shea*, 414 U.S. at 502). It then explained that "[m]ore importantly," the plaintiff "concede[d] that she seeks the same sum in equitable restitution as 'a full refund of the purchase price'— $32,000,000—as she requested in damages to compensate her for the same past harm." *Id.* Accordingly, she "fail[ed] to explain how the same amount of money for the exact same harm is inadequate or incomplete, and nothing in the record supports that conclusion." *Id.*

*Sonner*'s core holding is that a plaintiff in federal court must "establish that she lacks an adequate remedy at law before *securing* equitable restitution for past harm under the UCL and CLRA." *Id.* (emphasis added). But most district courts applying *Sonner* have also "understood it to require that a plaintiff must, at a minimum, *plead* that she lacks adequate remedies at law if she seeks equitable relief." *Guthrie v. Transamerica Life Ins. Co.*, ___ F. Supp. 3d ___, 2021 WL 4314909, at *4 (N.D. Cal. Sept. 23, 2021) (Orrick, J.) (collecting citations). I have too. *See id.*; *Brown v. Madison Reed*, No. 21-CV-01233-WHO, 2021 WL 3861457, at *12 (N.D. Cal. Aug. 30, 2021); *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020) (Orrick, J.). That is why I dismissed this claim previously. The plaintiffs failed to plead that they lacked adequate remedies at law, yet they sought equitable restitution under the UCL. Dkt. No. 30 at 5–6.

Now, the plaintiffs rely on several allegations to meet this pleading requirement. They plead that, as an alternative *if* they are unable to obtain legal remedies, they request restitution "because an adequate remedy at law does not exist for the violations alleged herein." SAC ¶ 111; *see also id.* at 32 (prayer for relief). They plead that one common question to the class is whether class members "*in the alternative*, are entitled to equitable relief pursuant to [the UCL] as Plaintiffs requests [sic] restitution of wage wrongfully withheld because an adequate remedy of law does not exist for the alleged violations herein." *Id.* ¶ 42n (emphasis added). And they plead that they "request[] restitution of wages wrongfully withheld *in instances where an adequate remedy at law does not exist* for the violations alleged herein." *Id.* ¶¶ 110, 116 (emphasis added).

The defendants make two arguments for dismissal: (1) that the plaintiffs must plead *facts*

4

illustrating why they lack adequate remedies at law and (2) that the plaintiffs cannot meet *Sonner*'s rule with this form of conditional pleading. While I do not address the defendants' first argument, I agree with them on the second. I do not necessarily read *Sonner* to impose as onerous a requirement as some other courts have—for example, requiring a plaintiff to allege "specific *facts—e.g.*, that she would receive less compensation via damages than restitution—*showing* that [their remedies at law] are necessarily inadequate or incomplete." *See, e.g.*, *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021) (internal quotation marks and citations omitted) (emphasis added). But the fundamental thing that *Sonner*, by its own terms, requires at the pleadings stage is that the complaint "allege that [the plaintiff] lacks an adequate legal remedy." *Sonner*, 971 F.3d at 844. The plaintiffs do not do so. All of their allegations are, instead, conditional: They allege only that they seek equitable relief *to the extent* legal remedies are inadequate or *if* legal remedies are inadequate. But that is not an allegation that they actually lack adequate remedies at law. The Hon. Jacqueline Scott Corley recently addressed this issue and explained that such conditional pleading does not satisfy *Sonner*'s rule. *See In re California Gasoline Spot Mkt. Antitrust Litig.*, No. 20-CV-03131-JSC, 2021 WL 1176645, at *7 (N.D. Cal. Mar. 29, 2021).

     The plaintiffs respond that "[t]he main difference between the present case and *Sonner* is that while *Sonner* was decided on the pleadings, it was also decided at the eve of trial when discovery had already completed." Dkt. No.43 at 4 (emphasis omitted). That is true; as I have previously observed, "[t]he *facts* of *Sonner*—where the plaintiff on the eve of trial sought to secure a bench trial under the UCL by foregoing CLRA damages claims that had to be tried to a jury—are inapposite considering the allegations and the posture of" a complaint this early in the case. *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*, 497 F. Supp. 3d 552, 638 (N.D. Cal. 2020) (Orrick, J.) (emphasis added). And because *Sonner* was decided at a later posture, I agree with the plaintiffs that, if a plaintiff pleads that she lacks an adequate legal remedy, *Sonner* will rarely (if ever) require more this early in the case. But, despite these differences in posture between *Sonner* and a case like this, I and other judges have explained that one aspect of *Sonner*'s reasoning *is* purely about pleading requirements and does not turn on its

more developed posture. *See, e.g.*, *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 906 (N.D. Cal. 2021) (Tigar, J.); *IntegrityMessageBoards.com v. Facebook*, Inc., No. 18-CV-05286-PJH, 2020 WL 6544411, at *4 (N.D. Cal. Nov. 6, 2020). That is the only requirement I apply in this Order. Relatedly, the plaintiffs argue that it is too early to determine whether the plaintiffs' legal remedies will ultimately be adequate, so it makes sense to defer this determination. Dkt. No. 43 at 5. That argument has significant force, but the plaintiffs' objection is to *Sonner* itself, which I am bound by.

If, later in the case, the plaintiffs conclude that they do lack adequate remedies at law, they should move for leave to amend to re-plead the UCL claim. For the reasons explained above, it would not be surprising for a more developed record to reveal the inadequacy of legal remedies that is less apparent today. I would be inclined to grant leave to amend if the plaintiffs can make this allegation, but because this is the third attempt at amendment the plaintiffs must seek leave the next time. *Cf. Phan v. Sargento Foods, Inc.*, No. 20-CV-09251-EMC, 2021 WL 2224260, at *6 (N.D. Cal. June 2, 2021) ("[T]he Court . . . dismisses the claim for relief [under *Sonner*] but without prejudice so that Plaintiff may bring the claim back in should Plaintiff find facts, during discovery, showing that the legal remedy would not be adequate.").

## CONCLUSION

The motion to dismiss the eighth cause of action is GRANTED without prejudice to the plaintiffs' ability to seek leave to re-plead it later.

**IT IS SO ORDERED.**

Dated: January 7, 2022

William H. Orrick
United States District Judge